UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RONALD CADY, | CASE NO.: 3:19-cv-02910-JJH |
| Plaintiff, | JUDGE JEFFREY J. HELMICK |
| vs. | **STIPULATION FOR SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS** |
| GENERAL AUDIT CORPORATION, *et al.*, | |
| Defendants. | |

Plaintiff Ronald Cady ("Plaintiff") filed an action in the United States District Court for the Northern District of Ohio challenging the unfair collection practices of Defendants General Audit Corporation, Revenue Management Group, Inc., Jeffrey G. Williams LLC, and Jeffrey G. Williams ("Defendants").  Plaintiff claims that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq.*, and the Ohio Consumer Sales Practices Act ("CSPA"), O.R.C. §§1345.01 *et. seq.*  Defendants deny any violation of the FDCPA and CSPA.

Plaintiff maintains that he would ultimately prevail on the FDCPA and CSPA claims against Defendants, but deem the proposed settlement with Defendants as set forth herein to be in his best interests and in the best interests of those whom he seek to benefit.  Defendants deny all liability whatsoever and maintain that they would ultimately prevail on all issues in this action, but deem the settlement agreement set forth below to be in their best interests as well.

- 1 -

The Court has not ruled on any substantive contentions as to the validity of Plaintiff's claims against Defendants or as to the liability or non-liability of Defendants, nor has the Court expressed an opinion with respect thereto, nor do the parties to this stipulation make any admission or concession on these substantive issues.

By this document, it is stipulated and agreed between Plaintiff and Defendants that Plaintiff's monetary claims and claims for declaratory and injunctive relief against Defendants shall be settled and compromised through an Order entered by the Court, which incorporates by reference the following provisions:

    **A**.    **Class Action Claims.**  The parties to this Stipulation agree that the Court will not certify this case as a class action. Nevertheless, pursuant to Fed.R.Civ.P. 71, the injunctive relief included in this stipulation, is intended to benefit and be enforced by all Ohio consumers against whom Defendants cause to be sued on a consumer debt after the date this Stipulation is approved by the Court, utilizing an affidavit in the form of Exhibit 1, which is incorporated herein by reference.

    **B**.    **Submission of Stipulation.**  The parties hereto shall promptly submit this Stipulation to the Court and jointly request that this Court approve it.  They agree to cooperate with each other and with the Court to that end.

    **C**.    **Consideration for Settlement given by Defendants.**  In consideration of the agreements made by Plaintiffs and Defendants, their successors, employees and agents, Defendants agree as follows:

        1. Defendants are enjoined for a period of five years from the date this entry is signed by the Court from utilizing an affidavit signed by a debt collector in connection with any collection action for a consumer debt after the date this Stipulation is approved by the Court which either 1) expressly represents that the debt collector is an "agent" of the creditor, or 2) which expressly represents that the debt collector's address is that of the creditor.

        2. Defendants shall pay Plaintiff a confidential amount of money for his alleged damages.

      3. Defendants shall pay a confidential amount of money to a charity of Plaintiff's choosing who is not affiliated with any party, to be used to assist financially needy Ohioans at the discretion of the charity.

**D.**     **Consideration for Settlement given by Plaintiff.** Plaintiff expressly and comprehensively waives any and all rights he may have for the claims made in this case from the beginning of time up to the present against the Defendants, their agents, representatives, successors-in interest, heirs, executors, administrators, insurers, personal representatives, and legal representatives.

**E.**     **Attorneys' Fees.** Defendants shall pay Plaintiff a confidential amount for a reasonable attorney's fee and costs, separate from the amounts described above.

**F.**     **Retention of Jurisdiction.** Any term of this Stipulation notwithstanding, the Court shall retain jurisdiction to enforce the terms of any final order entered pursuant to this Stipulation, as well as the complete terms of the settlement agreement between the parties, including payments to be made by Defendants to Plaintiff and attorney fee determinations.

**H.**     **Miscellaneous.** If the Court fails to approve this Stipulation or a final order based upon it, the parties to this Stipulation agree that nothing in it, or in any statement or pleading made by either party in support of it, shall be admissible in this or any other proceeding.

**IT IS SO STIPULATED:**

/s/ Edward A. Icove
Edward A. Icove (0019646)
Icove Legal Group, Ltd.
Terminal Tower, Suite 3220
50 Public Square
Cleveland, Ohio 44113
Tel:  (216) 802-0000
Fax: (216) 802-0002
ed@icovelegal.com
Attorney for Plaintiff

/s/ Boyd Gentry
Boyd Gentry (0071057)
Zachary P. Elliott (0090057)
Law Office of Boyd W. Gentry, LLC
4031 Colonel Glenn Highway, First Floor
Beavercreek, OH 45431
Tel:  (937) 839-2881
Fax: (800) 839-5843
bgentry@boydgentrylaw.com
zelliott@boydgentrylaw.com
Attorneys for Defendants

/s/ Gregory S. Reichenbach
Gregory S. Reichenbach (0077876)
PO Box 711
Perrysburg, OH  43552-0711
Tel:  (419) 529-8300
Fax: (419) 529-8310
Greg@ReichenbachLaw.com
Attorney for Plaintiff

**IT IS SO ORDERED:**

   s/ Jeffrey J. Helmick
_____
Judge Jeffrey J. Helmick
United States District Court
Northern District of Ohio

0075161

Exh. 1

IN THE PERRYSBURG MUNICIPAL COURT, PERRYSBURG, OHIO

| | | |
|---|---|---|
| **PROMEDICA** | : | **CASE NO** |
| PLAINTIFF | : | |
| | : | **AFFIDAVIT** |
| | : | |
| **RONALD CADY** | : | |
| DEFENDANTS | : | |

STATE OF OHIO )
)S.S.
COUNTY OF ALLEN )

Now comes Cheyenne Streets, after first being duly sworn according to law and states and avers as follows:

1. I am an agent for PROMEDICA and familiar with the account(s) herein for RONALD CADY, having reviewed all the records pertaining to said account(s) in preparation and filing of the above-captioned case.
2. The services as stated in the account(s) submitted with the Complaint filed herein were necessary medical services and received by REDACTED and REDACTED with the last service date of 07/25/2017.
3. At time said services were rendered REDACTED and REDACTED were minors and I know that REDACTED and REDACTED are the minor children of RONALD CADY.
4. The charges for said services are usual and customary charges for the services rendered.
5. There is presently owed PROMEDICA in the sum of $252.31 by RONALD CADY.

PROMEDICA
5520 MONROE ST
SYLVANIA OH 43560

By: _Cheyenne Streets_

Title: _____

Sworn to before me and subscribed in my presence November 2, 2018.

_Notary signature_
Notary Public
My commission expires

Alexus W. Fernandez
Notary Public, State of Ohio
My Commission Expires
January 27, 2021

0075161

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.